IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARILYN SEILER,** | 3:12-CV-00628-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN,** Acting Commissioner, Social Security Administration,[1] | |
| Defendant. | |

**MERRILL SCHNEIDER**
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293

       Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel, Region X
**GERALD J. HILL**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

       Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Marilyn Seiler seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her application for DIB on January 5, 2000, and alleged a disability onset date of May 5, 1998. Tr. 121.[2] The application was denied initially and on reconsideration. Tr. 22, 30-33. Following a remand from this Court and multiple hearings at which Plaintiff testified and was represented by an attorney and at which two vocational experts (VEs) testified, an Administrative Law Judge (ALJ) issued a decision dated January 24, 2012, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 569-75, 826-50, 861-64, 917-31. Because the ALJ's decision followed remand, it became the Commissioner's final decision pursuant to 20 C.F.R. § 404.948(a). *See Sims v. Apfel*, 530 U.S. 103, 106 (2000)(SSA regulations give meaning to the statutory term "final decision").

On April 10, 2012, Plaintiff filed a Complaint in this Court for judicial review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on February 13, 1959, and was fifty-four years old at the time of the first hearing. Tr. 169. Plaintiff

---

[2] Citations to the official transcript of record filed by the Commissioner on November 27, 2012, are referred to as "Tr."

speaks English, has a high-school education, some college, and specialized job training. Tr. 126, 863. Plaintiff has past relevant work experience as a title examiner. Tr. 126, 863.

Plaintiff alleges disability due to "chronic epicondylites," fibromyalgia, swollen hands and wrists, sleep disorder, and chronic fatigue. Tr. 122. Plaintiff does not challenge the ALJ's summary of the medical evidence.

After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 851-64.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d

4 - OPINION AND ORDER

453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the

5 - OPINION AND ORDER

Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The

6 - OPINION AND ORDER

claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set

7 - OPINION AND ORDER

forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has met the insured status requirements through her date last insured of December 31, 2003. Tr. 856.

At Step Two the ALJ found Plaintiff has the following severe impairments: fibromyalgia, chronic fatigue, sleep disorder, and depression. Tr. 856.

At Step Three the ALJ concluded Plaintiff's impairments do not medically equal the criteria for Listed Impairments under §§ 404.1520(d), 404.1525, and 404.1526 of 20 C.F.R. part 404, subpart P, appendix 1. Tr. 856. The ALJ found Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations: She is unable to engage in climbing aside from stairs, she is unable to consistently use her nondominant left hand, and she is limited to unskilled or low semi-skilled work. Tr. 858.

At Step Four the ALJ concluded Plaintiff is incapable of performing her past relevant work as a title examiner. Tr. 863.

At Step Five, after finding that Plaintiff has acquired

8 - OPINION AND ORDER

transferable skills from her past relevant work, the ALJ concluded Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including general office work and working as a file clerk. Tr. 863-64. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 864.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected the lay testimony of Scott Seiler and Kimberly Tumbaga and (2) conducted an improper RFC assessment of Plaintiff.

**I. The ALJ provided germane reasons for rejecting the lay testimony of Scott Seiler and Kimberly Tumbaga.**

Plaintiff argues the ALJ improperly rejected the lay opinion of Plaintiff's husband, Scott Seiler, and Plaintiff's daughter, Kimberly Tumbaga. The ALJ must consider lay-witness testimony and must provide "germane reasons" for rejecting lay testimony. 20 C.F.R. § 404.1513(d). *See also Molina*, 674 F.3d at 1114. The ALJ, however, is not required to address each witness "on an individualized witness-by-witness basis," and the court cannot reverse the ALJ "merely because the ALJ did not clearly link his determination to" germane reasons. *Id*. at 1114, 1121. Generally the more consistent an opinion is with the record as a whole, the more weight will be given to that opinion. 20 C.F.R.

9 - OPINION AND ORDER

§ 404.1527(c)(4).

Scott Seiler wrote an undated letter on Plaintiff's behalf in which he stated that Plaintiff's past work had exacerbated her shoulder, arm, wrist, hand, and finger problems. Tr. 910, 913-16. He also stated Plaintiff suffers from depression and forgetfulness, and she sometimes has difficulty holding a spoon and occasionally requires assistance dressing herself. Tr 913-16.

The ALJ found Scott Seiler's opinion was unpersuasive. Tr. 862. The ALJ provided germane reasons for rejecting the testimony. For example, the ALJ credited the statement of Plaintiff's sister-in-law, Janice Tumbaga, who indicated Plaintiff has a greater level of physical ability than Scott Seiler described. Tr. 248-59. Janice Tumbaga stated Plaintiff goes shopping and visits friends, exercises daily, does laundry, and is physically capable of performing household chores like vacuuming. Tr. 248-59. These statements suggest Plaintiff continues to lead an active life despite her impairments, and the ALJ properly relied on Janice Tumbaga's statements to justify his rejection of Scott Seiler's opinion. Tr. 862. Thus, the ALJ provided legally sufficient reasons for his rejection of Scott Seiler's lay opinion.

In his evaluation of Scott Seiler's statements, the ALJ

10 - OPINION AND ORDER

also appears to credit statements made by Nancy Albrecht. Tr. 862. Plaintiff is correct that the statements of Albrecht, while included in the administrative record, do not appear connected with or relevant to this case. Pl.'s Br. at 19. *See also* Tr. 203. Although the ALJ refers to Albrecht's statements, any weight he attributed to those statements was harmless because the ALJ gave sufficient, germane reasons supported by the record for rejecting Scott Seiler's testimony. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008)(an error is harmless when the ALJ provided legally sufficient reasons supported by substantial evidence in the record for rejecting a witness's testimony).

Plaintiff argues the ALJ improperly "rejected Mr. Seiler's testimony because he was a family member." Pl.'s Br. At 20. The Court disagrees. The ALJ accorded Scott Seiler's opinion less weight than Janice Tumbaga's opinion in part because Scott Seiler's statements appeared "colored by affection" for Plaintiff. Tr. 861-62. An ALJ may rely on ordinary techniques of credibility evaluation when weighing evidence in the record. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). When the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is supported by

11 - OPINION AND ORDER

inferences reasonably drawn from the record.  *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008).  Here the ALJ reasonably inferred, using ordinary techniques of credibility evaluation, that Scott Seiler's patent affection for Plaintiff as evidenced in his undated letter could render his opinion less than credible.  On this record the Court finds the ALJ's decision must be upheld.  *See Tommasetti*, 533 F.3d 1038.  Moreover, for these reasons, Plaintiff's argument that the ALJ failed to comply with the remand order because he failed to "correctly evaluate lay witness statements" also fails.

Even assuming that Janice Tumbaga's statements provided the ALJ with a germane reason for rejecting Scott Seiler's lay opinion, Plaintiff argues the ALJ erred by "reject[ing] Mr. Seiler's statements standing alone" and by not linking his decision to Janice Tumbaga's contrary statements.  As noted, however, as long as the ALJ provides germane reasons for rejecting lay testimony, he need not "clearly link his determination to" those reasons.  *Molina,* 674 F.3d at 1121.  On this record the Court finds the ALJ properly stated germane reasons for rejecting Scott Seiler's testimony and crediting the statements of Janice Tumbaga.

12 - OPINION AND ORDER

The ALJ rejected the lay testimony of Plaintiff's daughter, Kimberly Tumbaga, for similar reasons. Tr. 862. Kimberly Tumbaga stated Plaintiff's illnesses prevent her from performing many activities or household chores, and Plaintiff's family provides her daily assistance. Tr. 146-54, 173-81. Kimberly Tumbaga stated Plaintiff only leaves home for doctor appointments, and Plaintiff suffers from depression and memory problems. Tr. 278-79.

The ALJ provided germane reasons supported by substantial evidence in the record for rejecting Kimberly Tumbaga's lay opinion. Tr. 862. He noted Kimberly Tumbaga's testimony was contradicted by evidence provided by Janice Tumbaga. Tr. 862. As noted, Janice Tumbaga stated Plaintiff performs daily activities that contradict the level of physical limitation suggested by Kimberly Tumbaga. Tr. 248-59. The ALJ found the statements from Janice Tumbaga "demonstrate the claimant continued to lead an active life despite her impairments." Tr. 862. Contradictory evidence in the record is a germane reason for rejecting lay testimony. See Lewis, 236 F.3d at 512.

The ALJ also noted Kimberly Tumbaga appeared to "lack the motivation to offer an objective functional assessment" of

13 - OPINION AND ORDER

Plaintiff. The ALJ found Kimberly Tumbaga's statements appeared to be "colored by affection for the claimant." As noted, the ALJ properly relied on ordinary techniques of credibility evaluation when he reached this conclusion. *See Smolen,* 80 F.3d at 1284. Because the ALJ's decision was rational, it must be upheld even if there are alternative, reasonable interpretations of the evidence. *See Tommasetti*, 533 F.3d 1038.

### II. The ALJ's RFC assessment was free of legal error.

Plaintiff contends the ALJ erred by omitting from his evaluation of her RFC the limitations identified by Scott Seiler and Kimberly Tumbaga. The ALJ, as a result, submitted a deficient hypothetical to the VE.

The ALJ is not required to include in his evaluation of Plaintiff's RFC opinion evidence that has been properly discounted. *See Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004). *See also Osenbrock v. Apfel*, 240 F.3d 1157, 1164-66 (9th Cir. 2001)(restrictions not supported by substantial evidence may freely be accepted or rejected by the ALJ). Because the ALJ's evaluation of the lay-witness testimony was legally sufficient, the Court finds the ALJ's assessment of Plaintiff's RFC was proper and, therefore, his hypothetical to the VE was not deficient.

14 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 14th day of August, 2013.

/s/ Anna J. Brown

---

ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER